NO.
12-05-00214-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

THE STATE OF TEXAS     §                      APPEAL FROM THE 

 

FOR THE BEST INTEREST          §                      COUNTY COURT AT LAW

 

AND PROTECTION OF
G.A.         §                      CHEROKEE COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Appellant
G.A. appeals from an order to administer psychoactive medication.  After a hearing without a jury, the trial
court entered an order authorizing the Texas Department of Mental Health and
Mental Retardation to administer psychoactive medication to G.A.  In one issue, G.A. asserts that the evidence
is legally and factually insufficient to support the order.  We affirm.

 

Background

            On
June 21, 2005, the trial court entered an order requiring G.A. to submit to
temporary inpatient mental health services. 
On the same day, Dr. Laurence Taylor filed an application requesting the
court order an authorization for the administration of psychoactive medication
to G.A.  The application recites that
G.A. suffers from Bipolar I disorder, manic with psychosis.  Dr. Taylor indicated that G.A. verbally
refuses to take the medication voluntarily. 
The doctor believes G.A. lacks the capacity to make a decision regarding
administration of psychoactive medication because she suffers from paranoia and
hallucinations and exhibits poor insight and judgment.  Dr. Taylor determined that the requested
medication is the proper course of treatment for G.A.  However, even with this treatment, her
prognosis is poor.  Additionally, without
the requested treatment, G.A.’s condition will deteriorate to a more psychotic
state.  Medical alternatives would not be
as effective as administration of psychoactive medication and the benefits of
psychoactive medication outweigh the risks.

            Dr.
Taylor testified at the hearing, stating that G.A., who is under court ordered
temporary mental health services, refused to take her medications voluntarily
and lacks the capacity to make a decision regarding the administration of
psychoactive medications.  Dr. Taylor
testified that G.A. is suffering from Bipolar I disorder, manic, with psychosis
and that the medications indicated in the exhibit attached to the application
are in the proper course of treatment for G.A. and in her best interest.  He stated that G.A. would likely benefit from
taking these medications and the benefits outweigh the risks.  G.A.’s hospital stay would likely be
shortened if medications are used.

            On
cross examination, Dr. Taylor said he spoke with G.A. regarding the possible
use of medication.  G.A. told him that
she does not require medication.  The
doctor explained that she was very hyper and could not sit still when
admitted.  Although she sat still during
the hearing, he said her condition had not improved while at the hospital.  With medication, Dr. Taylor thinks G.A. can
leave the hospital within four weeks.  He
explained that he or someone at his direction would maintain close supervision
of G.A. to monitor side effects.  The
doctor stated there are no alternatives to the use of psychoactive medications
that could render the same or similar results. 
While at the hospital, G.A. has been feeding herself and has not
expressed fear of the food or air.  Dr.
Taylor explained that G.A. will not stand still to talk to him.  She is “running around cleaning, and doesn’t
have time to talk” to the doctor.  Dr.
Taylor testified that G.A. has not indicated an intent to harm herself, but she
has not discussed anything with him.  

            G.A.
testified in her own behalf.  When asked
about her desires regarding the use of medications, she explained that she
never actually refused.  She did not mean
she would never want the medication or that she would not look into
treatment.  She does not feel that she
needs anti-psychotic medication.  She
explained that the last time she was given medication it made her fall asleep
in class and caused confusion and slurred speech.  She wanted to go without medication, see
where the problem is, and then take medication that does not have side
effects.  G.A. said she was “willing to
work with whatever.”  However, she
repeated her belief that she does not need medication.  She said she knows she can be a good citizen,
she is not a threat to herself or other people, and she does not like to take
medication because of the side effects. 
She then ignored counsel’s question and asked him about a Dr. Colvin and
where she would be treated.  G.A. stated
that she hoped the doctors evaluate her without medication.  Counsel asked, “So you do not want the
doctors to have access to medication?” 
G.A. responded that she did not understand the question.  She then offered the following explanation: “I
was working at the Salvation Army as a volunteer, and I did quite well.  I can take a bath.  I can eat. 
I know my times.  I know I have to
go to bed, eat, brush my teeth.  I can do
the basic things of life without medication, so why would I need medication?”  G.A. said God made food for us to eat and for
survival and she does not believe she is currently dying.  She said she is not impaired without
medication and does not want to take something that will impair her by its side
effects.

            In
response to the court’s question, Dr. Taylor said he believes G.A. is still
having hallucinations.  She races up and
down the halls on the unit.  She was
admitted to the hospital ten days before the hearing and has had no medication
while there.  Counsel for G.A. asked the
doctor what his basis is for concluding she is currently experiencing
hallucinations.  He responded that she
did not interact with him or staff. She “just buzzes around.”  He explained that she is “running around,
pinning up little signs on the doors. 
They are nice little signs, like maybe she’s getting a word from God,
that sort of thing, but she will not stop and have a conversation.”  She “buzzes off’ carrying a plastic bag with
trash in it. She runs up and down the hall. 
She will not speak to the doctor or staff.  Dr. Taylor explained that, when she first
came to the hospital she said the food and air were poison.  Now, she enjoys the food and told him she is “detoxing
from poisons.”  When he tried to question
her about this, he got no answer.

            The
trial court granted the application and entered an order to administer
psychoactive medication for the period of temporary commitment.

 

Sufficiency
of the Evidence

            In
her sole issue, G.A. asserts the evidence is neither legally nor factually
sufficient to support the order to administer psychoactive medication.  She contends that the State did not prove by
clear and convincing evidence that she lacks the capacity to make a decision
regarding administration of psychoactive medication or that the medication is
in her best interest.

Standard of Review

            In
a legal sufficiency review where the burden of proof is clear and convincing
evidence, the reviewing court must consider all of the evidence in the light
most favorable to the finding to determine whether a reasonable trier of fact
could have formed a firm belief or conviction that its finding was true.  In re J.F.C., 96 S.W.3d 256,
266 (Tex. 2002).  The reviewing court must
assume that the factfinder resolved disputed facts in favor of its finding if a
reasonable factfinder could do so.  Id.  A court should disregard all evidence that a
reasonable factfinder could have disbelieved or found to have been
incredible.  Id. 

            In
addressing a factual sufficiency of the evidence challenge, we must consider
all the evidence in the record, both in support of and contrary to the trial
court’s findings.  In re C.H.,
89 S.W.3d 17, 27-29 (Tex. 2002).  This
court must give due consideration to evidence that the factfinder could
reasonably have found to be clear and convincing.  Id. at 25.  We must determine whether the evidence is
such that a factfinder could reasonably form a firm belief or conviction about
the truth of the State’s allegations.  Id.  We must consider whether disputed evidence is
such that a reasonable trier of fact could not have reconciled that disputed
evidence in favor of its finding.  In
re J.F.C., 96 S.W.3d at 266. 
Appellate courts retain deference for the constitutional roles of the
factfinder.  In re C.H., 89
S.W.3d at 26.  The trier of fact is the
exclusive judge of the credibility of the witnesses and the weight to be given
their testimony.  See id.
at 27; In re J.J.O., 131 S.W.3d 618, 632 (Tex. App.–Fort Worth
2004, no pet.).

Applicable Law and Analysis

            The
court may enter an order authorizing the administration of psychoactive
medication if it finds by clear and convincing evidence that the patient is
under an order to receive inpatient mental health services, the patient lacks
the capacity to make a decision regarding the administration of the proposed
medication, and treatment with the proposed medication is in the best interest
of the patient.  Tex. Health & Safety Code Ann. § 574.106(a), (a-1)
(Vernon Supp. 2005).  In determining that
there is a need for psychoactive medication, the court is required to consider
the following:

 

                (1)           the patient’s expressed preferences
regarding treatment with psychoactive medication;

                (2)           the patient’s religious beliefs;

                (3)           the risks and benefits, from the
perspective of the patient, of taking psychoactive medication;

                (4)           the consequences to the patient if
the psychoactive medication is not administered;

                (5)           the prognosis for the patient if the
patient is treated with psychoactive medication; 

                (6)           alternatives to treatment with
psychoactive medication; and

                (7)           less intrusive treatments likely to
secure the patient’s agreement to take the psychoactive medication.

 

 

Tex. Health
& Safety Code Ann. §
574.106(b) (Vernon Supp. 2005).  The
Health and Safety Code defines capacity as a patient’s ability to understand
the nature and consequences of a proposed treatment, including the benefits,
risks, and alternatives to the proposed treatment, and make a decision whether
to undergo the proposed treatment.  Tex. Health & Safety Code Ann. § 574.101(1)
(Vernon 2003).

            Dr.
Taylor testified that G.A. was, at the time of the hearing, under an order for
temporary mental health services.  G.A.
suffers from Bipolar I disorder, manic, with psychosis and lacks the capacity
to make a decision regarding administration of psychoactive medication.  The medications are in G.A.’s best interest,
the benefits outweigh the risks, and her hospital stay would be shortened if
medications are used.  Dr. Taylor
testified that G.A. will not discuss anything with him.  She continues to hallucinate and does not
interact with him or staff.  Dr. Taylor
testified that he or his staff would monitor G.A. for ill side effects of
medications.  Further, if one medication
did not resolve all the symptoms, he would change the medication.  Without medication, there had been no
improvement in ten days and the doctor expected her condition to deteriorate.  With medication, the doctor anticipated G.A.
could leave the hospital in four weeks.  

            Considering
all the evidence in the light most favorable to the findings, we conclude a
reasonable trier of fact could have formed a firm belief or conviction that
G.A. lacked the capacity to make a decision regarding administration of the
proposed medication and that the proposed medication is in G.A.’s best
interest.  See In re J.F.C.,
96 S.W.3d at 266.  This evidence
satisfies the statutory requirement for clear and convincing evidence in
support of the order for administration of psychoactive medication.  See Tex.
Health & Safety Code Ann. § 574.106(a), (a-1).  The evidence is legally sufficient to support
the trial court’s order.  See In re
J.F.C., 96 S.W.3d at 266.

            In
addressing G.A.’s factual sufficiency complaint, we consider all the evidence,
giving due consideration to evidence the factfinder could reasonably have found
to be clear and convincing.  In re
C.H., 89 S.W.3d at 25.  G.A.
testified that she does not need to take anti-psychotic medication.  She said she can do the basic things in life
without medication and she is concerned about side effects.  G.A. indicated a willingness to consider
medication.  However, she seemed confused
when on the stand.  Dr. Taylor testified
that he was unable to discuss the topic of medications with G.A.  She is experiencing hallucinations and will
not speak to him or staff.  He stated
that he or other staff members would monitor G.A. for side effects.  In light of the entire record, the evidence
that the trial court could not have credited in favor of its findings is not so
significant that the trial court could not reasonably form a firm belief or
conviction that G.A. lacks the capacity to make a decision regarding the
administration of the proposed medication and that treatment with the proposed
medication is in her best interest.  See
id.  Thus, the evidence is
factually sufficient to support the trial court’s findings.  See Tex.
Health  & Safety Code Ann. § 574.106(a).  Because we hold the evidence is both legally
and factually sufficient to support the trial court’s order, we overrule G.A.’s
sole issue.

 

Disposition

            We
affirm the trial court’s order for administration of psychoactive
medication.

 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion
delivered February 27, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

 

(PUBLISH)